UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants. | No. 2:18-cv-2544 KJN P<br><br>ORDER TO SHOW CAUSE |

Plaintiff Steven Wayne Bonilla is a state prisoner, proceeding pro se, with this civil rights action pursuant to 42 U.S.C. § 1983.

I.    Background

On September 19, 2018, the Clerk of the Court filed Bonilla's complaint in this action. At the time the undersigned prepared this order, plaintiff had filed 136[1] actions in this court in 2018.

As set forth more fully below, Bonilla is a repeat, serial litigant and his actions have made it clear that he will only continue to abuse the judicial process and inundate this court with actions that strain the court's limited resources. Accordingly, Bonilla shall be required to show cause why the court should not deem him a vexatious litigant and impose pre-filing conditions upon

---

[1] The majority of plaintiff's pleadings were not clearly designated as either a civil complaint or habeas petition. However, regardless of the designation assigned to the pleadings by the Clerk of the Court, they all sought to challenge his Alameda County conviction.

1

him before he may file any other civil action or habeas corpus petitions in this court.

II.   Vexatious Litigant Order

  A.   Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Molski, 500 F.3d at 1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless

2

expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### B. Notice and Opportunity to Be Heard

In issuing this order to show cause, the court is effectively notifying Steven Wayne Bonilla that it is considering deeming him a vexatious litigant and entering a comprehensive pre-filing order against him.

Under the contemplated pre-filing order Bonilla will not be permitted to initiate any new civil actions or habeas petitions that in any way attempt to obtain relief related to his Alameda County conviction. This includes actions which purport to be against other courts, individuals, or agencies on the grounds that they failed to overturn or vacate the Alameda County conviction. The reasons the court is considering such action are set forth in this order and Bonilla shall have twenty-one days to respond to this order and explain to the court why he should not be declared a vexatious litigant and why the court should not enter a pre-filing order.

### C. Adequate Record for Review

To put the discussion of plaintiff's actions in context, the undersigned observes that plaintiff is incarcerated in San Quentin State Prison and was convicted in Alameda County. Both San Quentin State Prison in San Quentin, California, and Alameda County, California, are in an area embraced by the United States District for the Northern District of California. The Northern District has found that plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g). See Bonilla v. Lively, 4: 11-cv-3180 CW (N.D. Cal. Oct. 25, 2011).

As previously stated, at the time of the preparation of the instant order, Bonilla had filed 136 actions in this court in 2018. From January 26, 2018 to April 20, 2019, plaintiff filed 18 habeas corpus petitions.² With the exception of 18-cv-330 CKD P, all of these petitions were

---

² See E.D.Cal. Nos. 2:18-186 CMK P; 2:18-cv-257 GGH P; 2:18-v-258 GGH P; 2:18-cv-259 AC P; 2:18-cv-260 EFB P; 2:18-cv-261 KJN P; 2:18-cv-262 AC P; 2:18-cv-263 DB P; 2:18-cv-264 KJN P; 2:18-cv-265 DB P; 2: 18-cv-272 CMK P; 2:18-cv-273 EFB P; 2:18-cv-274 DB P; 2:18-cv-276 KJN P; 18-cv-330 CKD P; 2: 18-cv-331 GGH P; 2: 18-cv-332 KJN P; 2: 18-cv-976 KJN P.
(continued)

3

transferred to the Northern District because plaintiff challenged the validity of his Alameda County conviction. See 28 U.S.C. § 2241(d). Case 18-cv-330 CKD P was closed because the document filed to open that case was duplicative of the pleading filed in 2: 18-cv-263 DB P.

From February 2, 2018, until preparation of the instant order, plaintiff has filed 118 civil rights actions. Sixty-seven of those actions were transferred to the Northern District because they raised claims related to plaintiff's Alameda County conviction.[3] See 28 U.S.C. § 1391(b). Two of these civil rights actions were transferred to the Fresno division of this court.[4] Two of these actions have pending findings and recommendations based on plaintiff's failure to pay the filing fee after having been found to have three strikes pursuant to 28 U.S.C. § 1915(g).[5]

Seven of plaintiff's civil rights actions have been dismissed because the named defendants, i.e., Superior Court Judges, a United States Magistrate Judge and District Judge, are

---

2: 18-cv-272 CMK P is classified as a civil rights action. However, the transfer order construes the action as a habeas corpus petition.

[3] See E.D. Cal. Nos. 2: 18-cv-275 CKD P; 2: 18-cv-889 EFB P; 2: 18-cv-1155 EFB P; 2: 18-cv-1158 EFB P; 2: 18-cv-1159 KJN P; 2: 18-cv-1160 EFB P; 2: 18-cv-1183 KJN P; 2: 18-cv-1185 KJN P; 2: 18-cv-1186 CMK P; 2: 18-cv-1188 DB P; 2: 18-cv-1189 CMK P; 2: 18-cv-1190 CMK P; 2: 18-cv-1191 KJN P; 2: 18-cv-1192 CKD P; 2: 18-cv-1193 KJN P; 2: 18-cv-1197 KJN P; 2: 18-cv-1198-CMK P; 2: 18-cv-1199 DB P; 2: 18-cv-1200 EFB P; 2: 18-cv-1201 KJN P; 2: 18-cv-1202 KJN P; 2: 18-cv-1203 KJN P; 2: 18-cv-1204 EFB P; 2: 18-cv-1205 KJN P, 2: 18-cv-1206 DB P; 2: 18-cv-1207 KJN P; 2: 18-cv-1230 CMK P; 2: 18-cv-1231 CMK P; 2: 18-cv-1234 EFB P; 2:18-cv-1235 EFB P; 2: 18-cv-1236 KJN P; 2: 18-cv-1266 EFB P; 2: 18-cv-1267 CKD P; 2: 18-cv-1268 CKD P; 2: 18-cv-1347 DB P; 2: 18-cv-1348 DB P; 2: 18-cv-1352 EFB P; 2: 18-cv-1853 EFB P; 2: 18-cv-1356 DB P; 2: 18-cv-1361 KJN P; 2: 18-cv-1363 EFB P; 2: 18-cv-1366 CKD P; 2: 18-cv-1367 CMK P; 2: 18-cv-1368 EFB P; 2: 18-cv-1372 EFB P; 2: 18-cv-2100 CKD P; 2: 18-cv-2101 AC P; 2: 18-cv-2103 CKD P; 2: 18-cv-2104 CKD P; 2: 18-cv-2106-AC P; 2: 18-cv-2109 EFB P; 2: 18-cv-2160 EFB P; 2: 18-cv-2161 CMK P; 2: 18-cv-2364 AC P; 2: 18-cv-2365 CKD P; 2: 18-cv-2370 AC P; 2: 18-cv-2372 AC P; 2: 18-cv-2377 CKD P; 2: 18-cv-2379 CKD P; 2: 18-cv-2196 EFB P; 2: 18-cv-2361 AC P; 2: 18-cv-2363 CKD P; 2: 18-cv-2367 CMK P; 2: 18-cv-2380 CMK P; 2: 18-cv-2382 KJN P; 2: 18-cv-2405 CKD P; 2: 18-cv-2407 AC P; 2: 18-cv-2412 AC P.

[4] See E.D. Cal. Nos. 2: 18-cv-1181 AC P; 2: 18-cv-1184 AC P.

[5] See E.D. Cal. Nos. 2: 18-cv-1233 JAM CKD P; 2: 18-cv-1355 TLN CKD P.

(continued)

4

immune from suit.[6] Two of plaintiff's civil rights actions have findings and recommendations pending that recommend dismissal on grounds that plaintiff named defendants, i.e., Superior Court Judges, who are immune from suit.[7] At the time these findings and recommendations were prepared, plaintiff had 38 civil rights actions that had not been screened.[8] Since the preparation and filing of these findings and recommendations, the undersigned anticipates that plaintiff will have filed more actions.

> D. Findings Regarding the Frivolous or Harassing Nature of Bonilla's Litigation

"Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988); see also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" Ringgold–Lockhart, 761 F.3d at 1064 (quoting Molski, 500 F.3d at 1059).

Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold–Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148). However, courts "must be careful not to conclude that particular types of actions filed

---

[6] See E.D. Cal. Nos. 2: 18-cv-1232 TLN AC P; 2: 18-cv-1350 JAM AC P; 2: 18-cv-1351 KJM AC P; 2: 18-cv-1370 WBS AC P; 2: 18-cv-1811 TLN AC P; 2: 18-cv-2102 WBS KJN P; 2: 18-cv-2107 WBS KJN P.

[7] See E.D. Cal. Nos., 2: 18-cv-1354 MCE AC P; 2: 18-cv-1364 MCE AC P.

[8] See E.D. Cal. Nos. 2: 18-cv-2108 DB P; 2: 18-cv-2111 DB P; 2: 18-cv-2156 DB P; 2: 18-cv-2157 DB P; 2: 18-cv-2158 CKD P; 2: 18-cv-2159 CKD P; 2: 18-cv-2162 CKD P; 2: 18-cv-2194 AC P; 2: 18-cv-2195 AC P; 2: 18-cv-2197 DB P; 2: 18-cv-2198 DB P; 2: 18-cv-2199 DB P; 2: 18-cv-2255 KJN P; 2: 18-cv-2256 KJN P; 2: 18-cv-2257 CKD P; 2: 18-cv-2258 EFB P; 2: 18-cv-2260 KJN P; 2: 18-cv-2356 EFB P; 2: 18-cv-2357 EFB P; 2: 2: 18-cv-2358 CKD P; 2: 2: 18-cv-2359 KJN P; 2: 18-cv-2360 CKD P; 2: 18-cv-2362 KJN P; 2: 18-cv-2366 DB P; 2: 18-cv-2368 DB P; 2: 18-cv-2369 EFB P; 2: 18-cv-2371 EFB P; 2: 18-cv-2373 EFB P; 2: 18-cv-2374 EFB P; 2: 18-cv-2375 DB P; 2: 18-cv-2376 KJN P; 2: 18-cv-2378 DB P; 2: 18-cv-2381 EFB P; 2: 18-cv-2406 EFB P; 2: 18-cv-2408 EFB P; 2: 18-cv-2410 DMC P; 2: 18-cv-2411 DB P; 2: 18-cv-2424 DB P.

repetitiously are harassing, and must [i]nstead ... discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted).

Because the court has decided the merits of only seven of plaintiff's cases, the undersigned does not find that plaintiff's pleadings demonstrate a pattern of frivolous filings. Rather, the undersigned finds that plaintiff's filings show a pattern of harassment.

Out of the 98 actions filed by plaintiff that have moved beyond the screening stage, 85 of those actions were transferred to the Northern District because they raised claims related to plaintiff's Alameda County conviction. While two of plaintiff's actions were transferred to the Fresno Division, it appears that these actions also raise claims related to plaintiff's Alameda County conviction.

Nine of plaintiff's actions were found to be properly filed in this court. Seven of the nine properly filed actions were dismissed because the defendants were immune from suit. Two of the nine properly filed actions have findings and recommendations pending based on plaintiff's status as a three strikes litigant, pursuant to 28 U.S.C. § 1915(g). Although these nine actions were not transferred to the Northern District, it appears that they also raise claims related to plaintiff's Alameda County conviction.

Plaintiff continues to file actions challenging his Alameda County conviction despite the repeated orders transferring his actions to the Northern District. These orders have clearly instructed plaintiff that the proper court to challenge his Alameda County conviction is the Northern District. This record demonstrates an intent by plaintiff to harass this court with improperly filed actions.

The court cannot reasonably find that Bonilla has "an objective good faith expectation of prevailing" in his actions challenging his Alameda County conviction, and though his pro se status weighs in his favor, it cannot justify the excessive and unnecessary burden he has placed upon this court and its personnel. See Molski, 500 F.3d at 1052 (quoting Safir, 792 F.2d at 24). Accordingly, the court finds that plaintiff's previous filings weigh heavily in favor of limiting his ability to continue engaging in harassing litigation and unduly burdening this court.

### E. Narrowly Tailored Vexatious Litigant Order

The undersigned finds that monetary sanctions are unlikely to deter plaintiff from filing actions in this court challenging his Alameda County conviction. See Molski, 500 F.3d at 1052 (court should consider "'whether other sanctions would be adequate to protect the court and other parties'") (quoting Safir, 792 F.2d at 24)). Plaintiff's litigation history demonstrates that monetary sanctions are unlikely to impact his filing pattern in this court.

Based on the record above, the undersigned finds that it is appropriate to issue an order preventing Bonilla from filing any new habeas corpus petition or civil action without leave of the court if the action in any way attempts to obtain relief related to his Alameda County conviction, including actions which purport to be against other courts, individuals, or agencies on the ground that they failed to overturn or vacate the Alameda County conviction.

If Bonilla is found to be a vexatious litigant, this court will recommend that a pre-filing order be entered requiring that he obtain leave of the court before filing any new civil action or habeas corpus petition that challenges his Alameda County conviction. If a civil action or habeas corpus petition seeks to challenge plaintiff's Alameda County conviction it will not be accepted for filing.

### Conclusion

In accordance with the foregoing, plaintiff Steven Wayne Bonilla is ordered to show cause why he should not be deemed a vexatious litigant and why a pre-filing order should not be entered against him.

### III. Plain Language Summary of this Order for a Pro Se Litigant

Because you keep filing civil actions and habeas corpus petitions improperly raising claims challenging your Alameda County conviction, you must explain to the court why you are not a vexatious litigant and why your ability to file more civil actions and habeas corpus petitions should not be limited.

////

////

////

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of service of this order, plaintiff Steven Wayne Bonilla shall show cause why the court should not deem him a vexatious litigant and enter a pre-filing order against him as set forth in this order.

Dated: September 28, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bonilla.vex(3)