UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | No. 2: 18-cv-2544 KJN P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| FRESNO COUNTY, et al., | |
| Defendants. | |

I. Introduction

Plaintiff Steven Wayne Bonilla is a state prisoner, proceeding without counsel, with this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that plaintiff Bonilla be declared a vexatious litigant and be enjoined from filing any new civil actions in this district unless certain conditions, discussed herein, are met.

II. Background

By order filed September 28, 2018, plaintiff was given twenty-one days to show cause why the court should not deem him a vexatious litigant and enter a pre-filing order against him. (ECF No. 3.) The order to show cause was based on the fact that, at the time of the preparation of the order to show cause, plaintiff had filed 136 actions in this court in 2018. (Id. at 1.) Since the preparation of the order to show cause, plaintiff has filed 34 additional actions, bringing the total number of cases filed this year to 170.

1

III. Vexatious Litigant Order

    A. Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Molski, 500 F.3d at 1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be

adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### B. Notice and Opportunity to Be Heard

The order to show cause filed September 28, 2018 notified plaintiff that the court was considering deeming him a vexatious litigant and entering a pre-filing order against him. (See ECF No. 3.) The order outlined the proposed scope of the pre-filing order and gave plaintiff an opportunity to explain to the court why he should not be declared a vexatious litigant and why the court should not enter a pre-filing order. (Id.) Accordingly, plaintiff was given sufficient notice and an opportunity to be heard.

### C. Adequate Review of the Record

To put the discussion of plaintiff's actions in context, the undersigned observes that plaintiff is incarcerated in San Quentin State Prison and was convicted in Alameda County. Both San Quentin State Prison in San Quentin, California, and Alameda County, California, are in an area embraced by the United States District for the Northern District of California. The Northern District has found that plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g). See Bonilla v. Lively, 4: 11-cv-3180 CW (N.D. Cal. Oct. 25, 2011).

As was previously stated, at the time of the preparation of the order to show cause, plaintiff had filed 136 actions in this court in 2018. From January 26, 2018 to April 20, 2018, plaintiff filed 18 habeas corpus petitions.[1] With the exception of 18-cv-330 CKD P, all of these petitions were transferred to the Northern District because plaintiff challenged the validity of his Alameda County conviction. See 28 U.S.C. § 2241(d). Case 18-cv-330 CKD P was closed because the document filed to open that case was duplicative of the pleading filed in 2:18-cv-263 DB P.

---

[1] See E.D.Cal. Nos. 2:18-186 CMK P; 2:18-cv-257 GGH P; 2:18-v-258 GGH P; 2:18-cv-259 AC P; 2:18-cv-260 EFB P; 2:18-cv-261 KJN P; 2:18-cv-262 AC P; 2:18-cv-263 DB P; 2:18-cv-264 KJN P; 2:18-cv-265 DB P; 2: 18-cv-272 CMK P; 2:18-cv-273 EFB P; 2:18-cv-274 DB P; 2:18-cv-276 KJN P; 18-cv-330 CKD P; 2: 18-cv-331 GGH P; 2: 18-cv-332 KJN P; 2: 18-cv-976 KJN P.
2: 18-cv-272 CMK P is classified as a civil rights action. However, the transfer order construes the action as a habeas corpus petition.

From February 2, 2018, until preparation of the order to show cause, plaintiff filed 118 civil rights actions. Sixty-seven of those actions were transferred to the Northern District because they raised claims related to plaintiff's Alameda County conviction.[2] See 28 U.S.C. § 1391(b). Two of these civil rights actions were transferred to the Fresno division of this court.[3] Two of these actions had pending findings and recommendations based on plaintiff's failure to pay the filing fee after having been found to have three strikes pursuant to 28 U.S.C. § 1915(g).[4]

At the time the undersigned prepared the order to show case, seven of plaintiff's civil rights actions had been dismissed because the named defendants, i.e., Superior Court Judges, a United States Magistrate Judge and District Judge, were immune from suit.[5] Two of plaintiff's civil rights actions had findings and recommendations pending that recommended dismissal on grounds that plaintiff named defendants, i.e., Superior Court Judges, who were immune from

---

[2] See E.D. Cal. Nos. 2: 18-cv-275 CKD P; 2: 18-cv-889 EFB P; 2: 18-cv-1155 EFB P; 2: 18-cv-1158 EFB P; 2: 18-cv-1159 KJN P; 2: 18-cv-1160 EFB P; 2: 18-cv-1183 KJN P; 2: 18-cv-1185 KJN P; 2: 18-cv-1186 CMK P; 2: 18-cv-1188 DB P; 2: 18-cv-1189 CMK P; 2: 18-cv-1190 CMK P; 2: 18-cv-1191 KJN P; 2: 18-cv-1192 CKD P; 2: 18-cv-1193 KJN P; 2: 18-cv-1197 KJN P; 2: 18-cv-1198-CMK P; 2: 18-cv-1199 DB P; 2: 18-cv-1200 EFB P; 2: 18-cv-1201 KJN P; 2: 18-cv-1202 KJN P; 2: 18-cv-1203 KJN P; 2: 18-cv-1204 EFB P; 2: 18-cv-1205 KJN P, 2: 18-cv-1206 DB P; 2: 18-cv-1207 KJN P; 2: 18-cv-1230 CMK P; 2: 18-cv-1231 CMK P; 2: 18-cv-1234 EFB P; 2:18-cv-1235 EFB P; 2: 18-cv-1236 KJN P; 2: 18-cv-1266 EFB P; 2: 18-cv-1267 CKD P; 2: 18-cv-1268 CKD P; 2: 18-cv-1347 DB P; 2: 18-cv-1348 DB P; 2: 18-cv-1352 EFB P; 2: 18-cv-1853 EFB P; 2: 18-cv-1356 DB P; 2: 18-cv-1361 KJN P; 2: 18-cv-1363 EFB P; 2: 18-cv-1366 CKD P; 2: 18-cv-1367 CMK P; 2: 18-cv-1368 EFB P; 2: 18-cv-1372 EFB P; 2: 18-cv-2100 CKD P; 2: 18-cv-2101 AC P; 2: 18-cv-2103 CKD P; 2: 18-cv-2104 CKD P; 2: 18-cv-2106-AC P; 2: 18-cv-2109 EFB P; 2: 18-cv-2160 EFB P; 2: 18-cv-2161 CMK P; 2: 18-cv-2364 AC P; 2: 18-cv-2365 CKD P;  2: 18-cv-2370 AC P; 2: 18-cv-2372 AC P; 2: 18-cv-2377 CKD P; 2: 18-cv-2379 CKD P; 2: 18-cv-2196 EFB P; 2: 18-cv-2361 AC P; 2: 18-cv-2363 CKD P; 2: 18-cv-2367 CMK P; 2: 18-cv-2380 CMK P; 2: 18-cv-2382 KJN P; 2: 18-cv-2405 CKD P; 2: 18-cv-2407 AC P; 2: 18-cv-2412 AC P.

[3] See E.D. Cal. Nos. 2: 18-cv-1181 AC P; 2: 18-cv-1184 AC P.

[4] See E.D. Cal. Nos. 2: 18-cv-1233 JAM CKD P; 2: 18-cv-1355 TLN CKD P.

[5] See E.D. Cal. Nos. 2: 18-cv-1232 TLN AC P; 2: 18-cv-1350 JAM AC P; 2: 18-cv-1351 KJM AC P; 2: 18-cv-1370 WBS AC P; 2: 18-cv-1811 TLN AC P; 2: 18-cv-2102 WBS KJN P; 2: 18-cv-2107 WBS KJN P.

suit.[6] At the time the order to show cause was prepared, plaintiff had 38 civil rights actions that had not been screened.[7]

After the preparation of the order to show cause, plaintiff filed 34 additional actions.[8]

The undersigned finds that there is an adequate record of review.

D. Findings Regarding the Frivolous or Harassing Nature of Bonilla's Litigation

In issuing the order to show cause, the undersigned thoroughly addressed the harassing nature of plaintiff's litigation. Specifically, the undersigned found:

> "Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988); see also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" Ringgold–Lockhart, 761 F.3d at 1064 (quoting Molski, 500 F.3d at 1059).
>
> Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold–

---

[6] See E.D. Cal. Nos., 2: 18-cv-1354 MCE AC P; 2: 18-cv-1364 MCE AC P.

[7] See E.D. Cal. Nos. 2: 18-cv-2108 DB P; 2: 18-cv-2111 DB P; 2: 18-cv-2156 DB P; 2: 18-cv-2157 DB P; 2: 18-cv-2158 CKD P; 2: 18-cv-2159 CKD P; 2: 18-cv-2162 CKD P; 2: 18-cv-2194 AC P; 2: 18-cv-2195 AC P; 2: 18-cv-2197 DB P; 2: 18-cv-2198 DB P; 2: 18-cv-2199 DB P; 2: 18-cv-2255 KJN P; 2: 18-cv-2256 KJN P; 2: 18-cv-2257 CKD P; 2: 18-cv-2258 EFB P; 2: 18-cv-2260 KJN P; 2: 18-cv-2356 EFB P; 2: 18-cv-2357 EFB P; 2: 2: 18-cv-2358 CKD P; 2: 2: 18-cv-2359 KJN P; 2: 18-cv-2360 CKD P; 2: 18-cv-2362 KJN P; 2: 18-cv-2366 DB P; 2: 18-cv-2368 DB P; 2: 18-cv-2369 EFB P; 2: 18-cv-2371 EFB P; 2: 18-cv-2373 EFB P; 2: 18-cv-2374 EFB P; 2: 18-cv-2375 DB P; 2: 18-cv-2376 KJN P; 2: 18-cv-2378 DB P; 2: 18-cv-2381 EFB P; 2: 18-cv-2406 EFB P; 2: 18-cv-2408 EFB P; 2: 18-cv-2410 DMC P; 2: 18-cv-2411 DB P; 2: 18-cv-2424 DB P.

[8] See E.D. Cal. Nos. 2: 18-cv-2536 AC P; 2: 18-cv-2357 AC P; 2: 18-cv-2358 EFB P; 2: 18-cv-2359 EFB P; 2: 18-cv-2540 KJN P; 2: 18-cv-2541 AC P; 2: 18-cv-2542 EFB P; 2: 18-cv-2543 DB P; 2: 18-cv-2544 KJN P; 2: 18-cv-2546 KJN P; 2: 18-cv-2547 DB P; 2: 18-cv-2548 DB P; 2: 18-cv-2550 DMC P; 2: 18-cv-2552 EFB P; 2: 18-cv-2553 EFB P; 2: 18-cv-2554 KJN P; 2: 18-cv-2555 KJN P; 2: 18-cv-2556 DMC P; 2: 18-cv-2557 CKD P; 2: 18-cv-2558 DB P; 2: 18-cv-2559 CKD P; 2: 18-cv-2560 KJN P; 2: 18-cv-2561 AC P; 2: 18-cv-2562 AC P; 2: 18-cv-2563 DMC P; 2: 18-cv-2564 DB P; 2: 18-cv-2565 CKD P; 2: 18-cv-2566 DB P; 2: 18-cv-2567 EFB P; 2: 18-cv-2568 AC P; 2: 18-cv-2569 AC P; 2: 18-cv-2570 KJN P; 2: 18-cv-2571 EFB P; 2: 18-cv-2724 CKD P.

> Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148). However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead ... discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted).
>
> Because the court has decided the merits of only seven of plaintiff's cases, the undersigned does not find that plaintiff's pleadings demonstrate a pattern of frivolous filings. Rather, the undersigned finds that plaintiff's filings show a pattern of harassment.
>
> Out of the 98 actions filed by plaintiff that have moved beyond the screening stage, 85 of those actions were transferred to the Northern District because they raised claims related to plaintiff's Alameda County conviction. While two of plaintiff's actions were transferred to the Fresno Division, it appears that these actions also raise claims related to plaintiff's Alameda County conviction.
>
> Nine of plaintiff's actions were found to be properly filed in this court. Seven of the nine properly filed actions were dismissed because the defendants were immune from suit. Two of the nine properly filed actions have findings and recommendations pending based on plaintiff's status as a three strikes litigant, pursuant to 28 U.S.C. § 1915(g). Although these nine actions were not transferred to the Northern District, it appears that they also raise claims related to plaintiff's Alameda County conviction.
>
> Plaintiff continues to file actions challenging his Alameda County conviction despite the repeated orders transferring his actions to the Northern District. These orders have clearly instructed plaintiff that the proper court to challenge his Alameda County conviction is the Northern District. This record demonstrates an intent by plaintiff to harass this court with improperly filed actions.
>
> The court cannot reasonably find that Bonilla has "an objective good faith expectation of prevailing" in his actions challenging his Alameda County conviction, and though his pro se status weighs in his favor, it cannot justify the excessive and unnecessary burden he has placed upon this court and its personnel. See Molski, 500 F.3d at 1052 (quoting Safir, 792 F.2d at 24). Accordingly, the court finds that plaintiff's previous filings weigh heavily in favor of limiting his ability to continue engaging in harassing litigation and unduly burdening this court.

(ECF No. 3 at 5-6.)

It appears that the actions filed since issuance of the order to show cause also raise claims challenging petitioner's Alameda County conviction.

////

6

E. Plaintiff's Response to the Order to Show Cause

Plaintiff filed three pleadings following issuance of the order to show cause. On October 15, 2018, plaintiff filed a pleading seeking "expedited review." (ECF No. 5.) In this pleading, plaintiff alleges that a party cannot be precluded from raising a question of jurisdiction. (Id. at 1.) This pleading does not address any of the issues raised in the order to show cause.

On October 29, 2018, plaintiff filed a pleading titled "Duty Owed by the Court – Expedited Relief is Mandatory." (ECF No. 6.) This pleading requests that plaintiff's conviction be "nullified." (Id.) This pleading does not address any of the issues raised in the order to show cause.

On October 29, 2018, plaintiff filed another pleading titled "The Court Cannot Close the Case." (ECF No. 7.) In this document, plaintiff objects to being declared a vexatious litigant on grounds that he is not guilty of the charges of which he was convicted. (Id. at 7-17.) Plaintiff alleges that he filed the actions challenging his Alameda County conviction in this court because the Northern District ignored and avoided his challenges. (Id. at 10.) Plaintiff alleges that he is trying to challenge the "subject matter jurisdiction of the rendering trial court." (Id. at 11.)

As discussed in the September 28, 2018 order to show cause, plaintiff may not challenge his Alameda County conviction in this court. Plaintiff has not identified any valid reasons why the contemplated order should not issue beyond general constitutional principles which the court has already considered and weighed under the governing standards. The undersigned therefore finds that plaintiff should be deemed a vexatious litigant and that a pre-filing order should be entered against him.

F. Narrowly Tailored Vexatious Litigant Order

In the order to show cause, the undersigned found that monetary sanctions were unlikely to deter plaintiff from filing actions in this court challenging his Alameda County conviction. See Molski, 500 F.3d at 1052 (quoting Safir, 792 F.2d at 24) (court should consider "'whether other sanctions would be adequate to protect the court and other parties'"). Plaintiff's litigation history demonstrates that monetary sanctions are unlikely to impact plaintiff's filing pattern in this court.

////

The undersigned finds that plaintiff's response to the order to show cause has done nothing to alter this previous finding and recommends that a pre-filing order be entered requiring that plaintiff obtain leave of the court before filing any new civil action or habeas corpus petition in this court. Before opening a new action, the court will determine whether the new documents submitted by plaintiff challenge plaintiff's Alameda County conviction, including actions which purport to be against other courts, individuals, or agencies on the ground that they failed to overturn or vacate the Alameda County conviction. If plaintiff's documents challenge plaintiff's Alameda County conviction, the documents will be returned to plaintiff.

IV. Plain Language Summary of this Order for a Pro Se Litigant

Because you keep filing habeas corpus petitions and civil actions challenging your Alameda County conviction, which are not properly filed in this court, you should be identified as a vexatious litigant and your ability to file habeas petitions and civil actions should be limited.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Steven Wayne Bonilla be declared a vexatious litigant;

2. Plaintiff be ENJOINED from filing any new habeas corpus petition or civil action without leave of court so that the court can determine if the new action attempts to obtain relief related to plaintiff's Alameda County conviction, including actions which purport to be against other courts, individuals, or agencies on the ground that they failed to overturn or vacate the Alameda County conviction;

3. The Clerk of the Court be ordered NOT TO FILE or ASSIGN A CIVIL CASE NUMBER to any proposed habeas corpus petition or civil action submitted by plaintiff, nor accept any other documents for filing, until a judicial determination is made as to whether plaintiff's action attempts to obtain relief related to plaintiff's Alameda County conviction. Any documents submitted by plaintiff shall be opened as a miscellaneous case and assigned to Magistrate Judge Newman for review with compliance with this order. Any documents plaintiff sends to the court which the undersigned determines challenge plaintiff's Alameda County

8

conviction shall be returned to plaintiff;

    4. The pre-filing order remain in effect until further order of this court. Plaintiff be permitted, no earlier than two years after the entry of the order, to move the court to lift the pre-filing order. Any such motion must set forth the reasons why the order should be lifted.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2018

                                                            KENDALL J. NEWMAN
                                                            UNITED STATES MAGISTRATE JUDGE

Bon2544.fr